IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHEET METAL WORKERS' HEALTH &** | : | CIVIL ACTION |
| **WELFARE FUND OF LOCAL NO. 19** | : | |
| 1301 South Columbus Boulevard | : | NO. |
| Philadelphia, PA  19147 | : | |
| | : | |
| and | : | |
| **SHEET METAL WORKERS' ANNUITY FUND** | : | |
| **OF LOCAL NO. 19** | : | |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | |
| | : | |
| and | : | |
| **SHEET METAL WORKERS' JOINT** | : | |
| **APPRENTICESHIP FUND OF PHILADELPHIA** | : | |
| **AND VICINITY** | : | |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | |
| | : | |
| and | : | |
| **SHEET METAL WORKERS' LOCAL 19** | : | |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | |
| | : | |
| and | : | |
| **GARY MASINO, TRUSTEE** | : | |
| **SHEET METAL WORKERS' LOCAL 19** | : | |
| **BENEFIT FUNDS** | : | |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **INVISION SIGN LLC** | : | |
| 360 Crider Avenue | : | |
| Moorestown, NJ 08057 | : | |
| Defendant. | : | |

## **COMPLAINT**

The Parties

1.  Plaintiffs, Sheet Metal Workers' Health & Welfare Fund of Local No. 19, Sheet Metal

Workers' Annuity Fund of Local No. 19, Sheet Metal Workers' Joint Apprenticeship Fund of Philadelphia and Vicinity, (hereafter collectively, "Local 19 Funds") are employee benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter, "ERISA"), 29 U.S.C. Section §1002(3), with their principal office located at 1301 South Columbus Boulevard, Philadelphia, Pennsylvania 19147.

2. Plaintiff, Sheet Metal Workers' Local No. 19 ("Plaintiff Union"), is an unincorporated labor organization within the meaning of Section 2(5) of the Labor Management Relations Act of 1947 (hereafter, the "LMRA"), as amended, 29 U.S.C. §152, with its principal office located at 1301 South Columbus Boulevard, Philadelphia, Pennsylvania 19147. Plaintiff Union brings this action in its capacity as collective bargaining agent for the covered employees of Defendant, CF Installation Management.

3. Plaintiff, Gary Masino, as a trustee of the Plaintiff Funds, acts as a fiduciary on behalf of the Plaintiff Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquent contributions and brings this action in such capacity, having been so authorized by the Board of Trustees, on behalf of the Plaintiff Funds.

4. Defendant is a New Jersey corporation with its office located at 360 Crider Avenue, Moorestown, New Jersey 08057.

5. Defendant is engaged in interstate commerce within the meaning of Section 2(6) of the LMRA, as amended, 29 U.S.C. Section 152(6), and has employed members of Plaintiff Union pursuant to collective bargaining agreement(s) in the State of New Jersey.

6. Defendant is an Employer within the meaning of Section 2(2) and Section 301 of the LMRA, as amended, 29 U.S.C. Section 152(2) and Section 185; and Sections 3(5) and 515 of the ERISA, 29 U.S.C. Section 1002(5) and Section 1145.

## Jurisdiction & Venue

7. Jurisdiction in the District Court is proper pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. Section 185, in that Defendant is an Employer within the meaning of the LMRA, and has been, and continues to be, a party to collective bargaining agreement(s) which form the basis and substance of the matters in this litigation; and 28 U.S.C. Section 1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

8. Jurisdiction of the District Court is also invoked pursuant to Section 502 and Section 515 of ERISA, 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA. The Eastern District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff Union and Plaintiff Funds are located in this judicial district.

## Cause of Action

9. Plaintiffs hereby incorporate the allegations of paragraphs 1 through 8, as if set forth fully herein.

10. Plaintiff Union and Defendant are parties to a collective bargaining agreement(s), which requires that the Defendant make certain contributions on a timely basis to the Plaintiff Funds and remit certain payments to the Plaintiff Union.

11. Defendant, like all other contributing employers to Plaintiff Funds, is required to submit contribution reports accurately setting forth the hours worked by employees covered under the collective bargaining agreement(s), and to remit contributions to Plaintiff Funds, at rates commensurate with those required pursuant to the collective bargaining agreement(s), for all hours worked. The collective bargaining agreement(s) and/or fund delinquency policy further note that liquidated damages and interest shall be assessed to untimely and/or unpaid fringe benefit contributions until the employer cures its delinquency. Notwithstanding obligations contained in said collective bargaining agreement(s), Defendant has failed to timely remit employees' required fringe benefit contributions. A copy of the collective bargaining agreement is attached hereto as Exhibit A. A copy of the delinquency policy is attached hereto as Exhibit B.

12. Defendant has employed workers for whom it failed to remit the required benefit contributions on time for the month of January 2020, thus resulting in a total delinquency obligation of the amount of **$21,410.33**, consisting of principal contributions in the amount of $17,266.39, liquidated damages in the amount of $3,453.28, and interest that has accrued to present in the amount of $690.66 due to Defendant's failure to meet its benefit contribution obligations to the Plaintiff Funds.

13. Payment of timely benefit contributions to Plaintiff Funds are critical, as those contributions are utilized to supply members of the Plaintiff Union, including those employed by the Defendant, and their beneficiaries, presently with health coverage and other benefits that will be paid upon member retirement in the future. Any failure to remit contributions timely by the required due date set forth in the relevant collective bargaining agreement(s) and/or delinquency policy can cause significant damage to the Plaintiff Funds' ability to provide member benefits. See Exhibits A and B.

14. These amounts may also change as the Defendant may make partial payments and/or fails to make one or more payments due as a result of additional work performed under the collective bargaining agreement(s).

15. Defendant has been notified of its obligations under the collective bargaining agreement and its delinquencies, but has failed or refused to make appropriate and timely payments as required. This failure constitutes a willful derogation of the Defendant's responsibilities to the Plaintiff Union, the Plaintiff Funds and their employees/participants. A copy of Plaintiffs' Notice to Employer dated March 16, 2020 is attached hereto as Exhibit C.

16. Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant and in favor of Plaintiffs, and to award relief as follows:

    a. Judgment in the amount of **$21,410.33**, or such other amounts as may be due and owing when this cause of action reaches judgment, or such other amounts as may be due and owing when this cause of action is reduced to judgment, as provided for by Section 502 of ERISA;

    b. Reasonable counsel fees, interest to run at rate of 7%, and costs of suit, as provided for by Section 502 of ERISA;

    c. Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion;

      d.      Liquidated damages as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA; and

      e.      Other relief as the Court deems just and proper.

Respectfully submitted,

**SPEAR WILDERMAN, P.C.**

BY: /s/ Nicholas J. Botta  
NICHOLAS J. BOTTA  
PA ID No. 307542  
230 South Broad Street, Suite 1400  
Philadelphia, PA 19102  
(215) 732-0101  
Attorney for Plaintiffs

Dated: May 15, 2020