IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEET METAL WORKERS' HEALTH & WELFARE FUND OF LOCAL NO. 19, *et al.*,<br>              *Plaintiffs*,<br><br>          v.<br><br>INVISION SIGN LLC<br>              *Defendant*. | CIVIL ACTION<br>NO. 20-2291 |

**PAPPERT, J.**                                                                                           July 23, 2020

## MEMORANDUM

Sheet Metal Workers' Local No. 19 and its various benefit funds – the Local 19 Funds – sued Invision Sign LLC for allegedly violating the Employee Retirement Income Security Act and breaching a collective bargaining agreement. After Invision failed to enter an appearance, the Clerk of Court entered a default against it. Plaintiffs move for the entry of a default judgment. (ECF No. 4.) The Court grants their motion in part and denies it in part without prejudice.

I

The Collective Bargaining Agreement between Local 19 and Invision requires Invision to "make certain contributions on a timely basis to the" Local 19 Funds and to make "certain payments to" Local 19. (Compl., ECF No. 1, ¶ 10; *see also* July 15, 2018 Collective Bargaining Agreement, ECF No. 1-1 at 9-10 (describing pension and welfare fund contribution requirements).) Under the CBA, Invision must "submit contribution reports accurately setting forth the hours worked by [covered] employees" and must make contributions to the Local 19 Funds "for all hours worked." (Compl. ¶ 11.) However, Invision has not timely made required fringe benefit contributions, and the

Agreement provides for "liquidated damages and interest" to be "assessed to untimely and/or unpaid fringe benefit contributions until [Invision] cures its delinquency." (*Id.*; *see also* Collective Bargaining Agreement at 9-10 (explaining late Welfare Fund contributions "shall result in the imposition of a late payment charge of 2% interest per month on the outstanding balance . . . "); *id.* at 10-11 ("Failure to pay [pension fund contributions] on time and in full will constitute a delinquency and subject the Employer to interest, liquidated damages, fees and costs . . . "); Sheet Metal Workers Benefit Funds of Local Union Number 19 Policy for Collection of Delinquent Contributions, ECF No. 1-2, at 2-3 (detailing calculations for interest and liquidated damages for late payments).)

Invision did not remit its required January 2020 benefit contributions on time. *Id.* ¶ 12. Plaintiffs notified the company about the delinquency, but Invision "failed or refused to make appropriate and timely payments as required." (*Id.* ¶ 15; see also March 16, 2020 Letter to Invision, ECF No. 1-3.) So, Plaintiffs sued Invision and served it with their Complaint and a summons in accordance with Federal Rule of Civil Procedure 4(h)(1)(B).[1] *See* (Aff. of Service, ECF No. 2 (proof of service on Ron Brodie, "designated by law to accept service on behalf of Invision"). Because Invision did not respond to the Complaint and has not appeared in the case, the Clerk of Court entered a default on June 10, 2020. On June 12, 2020, Invision paid Plaintiffs $13,333.99 – a partial payment of the principal they claim is owed. (Pls.' Br., ECF No. 4-1, at 2.)

Because Invision did not fully meet its obligations, Plaintiffs moved for a default

---

[1] The Court also has personal and subject-matter jurisdiction over this action. *See* (Compl. ¶¶ 7-8 (invoking federal-question jurisdiction, as well as alleging that the relevant events occurred within the Eastern District of Pennsylvania). And the unchallenged facts in the Complaint constitute legitimate causes of action. *See* (*id.* at ¶¶ 9-16); 29 U.S.C. §§ 185(a), 1145.

judgment.  *See* (Mot. for Default J., ECF No. 5).  The Motion seeks $3,932.40 in unpaid contributions, $1,035.99 in interest, $3,453.28 in liquidated damages, $2,820.00 in attorneys' fees and $535.00 in costs, plus post-judgment interest.  *See* (*id.* at 1).

II

A

After the Clerk enters default, the Court may enter a default judgment against a properly served defendant who failed to file a timely responsive pleading.  *See* Fed. R. Civ. P. 55(b)(2).  Three factors control the Court's decision: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Because Invision has not appeared or responded to the Complaint, this analysis is straightforward.  Denying Plaintiffs' Motion would prejudice them by impairing the Local 19 Funds' ability to pay their beneficiaries.  *See Int'l Union of Operating Eng'rs of E. Pa. and Del. Benefit Pension Fund v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015).  The Court presumes that Invision lacks a legitimate defense since it has not appeared.  *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 53 (3d Cir. 2003) (Rendell, J., concurring) (unpublished) ("[I]t makes little sense for a plaintiff to be required to demonstrate that the defendant does not have meritorious defenses when the defendant has failed to respond."); *Carrroll v. Stettler*, No. 10-2262, 2012 WL 3279213, at *3 (E.D. Pa. Aug. 10, 2012) (unpublished).  And Invision's refusal to engage in the litigation process is culpable conduct meriting entry of a default judgment.  *See Eastern Elec. Corp. of New Jersey v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554

(E.D. Pa. 2009).

B

Because Plaintiffs have established Invision's liability for a default judgment, the Court must ascertain the appropriate damages. *See Comdyn I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Section 502(g)(2) of ERISA requires the Court to award (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) the greater amount between either interest on the unpaid contributions or "liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the principal amount, (4) reasonable attorneys' fees and costs, and (5) "such other relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). These categories of recovery are mandatory. *See Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 F. App'x 972, 975 (3d Cir. 2003). The applicable interest rate is either "the rate provided under the [contract], or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2).

In support of their requested damages, Plaintiffs provide their counsel's certification that $11,776.67 is due to them after

> examination of [his] clients' books and records . . . based on employer reports previously filed with Plaintiffs by Defendant and other information provided to the Funds by the Union showing contributions to Plaintiff Funds and remission of checked-off dues which were required by contract, but which were not made or made late.

(Certification of Amount Due, ECF No. 4 at ¶ 2.) According to the certification, Invision owed Plaintiffs $17,266.39 in initial principal before it made a $13,333.99 partial payment on June 12. (*Id.*) However, it does not illustrate how the unpaid principal amount was determined. Although it references records showing Invision's

4

contributions to the Local 19 Funds, Plaintiffs provide no underlying documents to support their motion.  Plaintiffs' counsel also certifies that Plaintiffs are due $1,035.99 in pre-judgment interest, $3453.28 in liquidated damages, $2,280 for attorneys' fees and $535 in costs.  (*Id.*)  The certification states that it delineates "[t]he specific calculation" of the amount due in pre-judgment interest and liquidated damages, but it merely sets forth dollar amounts and shows no calculations or underlying data.  (*Id.*)  Absent further evidence, the certification's conclusory figures are not enough to support Plaintiffs' claimed damages for unpaid contributions.  "Although a damage calculation need not meet a standard of mathematical certainty, the party moving for a default judgment bears the burden of showing damages and a court is not required to accept its claims as true.  *Serv. Employees Int'l Union Local 32BJ Dist. 36 v. ShamrockClean Inc.*, No. 17-5380, 2018 WL 1124270, at *3 (E.D. Pa. Feb. 26, 2018).  Plaintiffs have not sufficiently supported their request for damages.

       Further, the Court is unable to determine whether to award the requested attorneys' fees and costs.  ERISA permits Plaintiffs to recover reasonable attorneys' fees and costs, *see* 29 U.S.C. § 1132(g)(2)(D), but it is their burden to prove – through evidence supporting the hours worked and rates claimed – that the fees they seek are reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Plaintiffs offer no evidence as to the identity of individual attorneys, their level of experience, what tasks they performed, how many hours they worked, or the hourly rates charged.  And Plaintiffs provide no information to support the requested costs.  Counsel's certification that "[f]ees in this matter have been billed at rates customarily charged in similar matters to clients of affiant's firm" is not enough.  (Certification of Amount Due ¶ 6.)

Although Plaintiffs have shown they are entitled to a default judgment in their favor, they must substantiate their claim for damages before the Court can grant their motion in full. An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.