IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEET METAL WORKERS'<br>HEALTH & WELFARE FUND<br>OF LOCAL NO. 19, *et al.*,<br>    *Plaintiffs*,<br><br>  v.<br><br>INVISION SIGN LLC,<br>    *Defendant*. | CIVIL ACTION<br>NO. 20-2291 |

**PAPPERT, J.**                                **August 21, 2020**

**MEMORANDUM**

  Sheet Metal Workers' Local No. 19 and its benefit funds – the Local 19 Funds – sued Invision Sign LLC for allegedly violating the Employee Retirement Income Security Act and breaching a collective bargaining agreement. The Clerk of Court entered a default against Invision after it failed to enter an appearance and Plaintiffs then moved for the entry of a default judgment. (Dkt. No. 4.) The Court granted their motion as to liability but denied the motion without prejudice with respect to the requested damages, attorneys' fees and costs. (Dkt. Nos. 5 and 6.) Plaintiffs have filed a renewed motion (Dkt. No. 8), which the Court grants as follows.

I

  Invision must contribute to the Local 19 Funds pursuant to a Collective Bargaining Agreement. (Pls.' Br. in Support of Renewed Mot., Dkt. No. 8-1, at 2 citing Ex. A ("CBA"), Dkt. No. 8-2, at ECF Nos. 1-28.) Plaintiffs already established Invision's liability for a default judgment resulting from its failure to make required contributions (Dkt. Nos. 5 and 6), so the Court may determine the appropriate relief. *See Comdyn I,*

*Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). ERISA Section 502(g)(2) requires an award of (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) the greater amount between either interest on the unpaid contributions or "liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the principal amount, (4) reasonable attorneys' fees and costs, and (5) "such other relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2); *see Trucking Emps. of N.J. Welfare Fund, Inc. v. Bellezza Co.*, 57 F. App'x 972, 975 (3d Cir. 2003) ("Congress has deemed certain remedies mandatory in an action brought by a pension fund to enforce the collection of contributions.") By June 1, 2020 the Local 19 Funds had assessed Invision a total of $21,757.66 for unfunded contributions: $17,266.39 in principal, $1,035.99 in interest and $3,455.28 in liquidated damages, calculated as follows.[1]

A

The Local 19 Funds received ten remittance reports from Invision reporting hours worked between January 5, 2020 and February 2 for Group 1 employees who worked 1,631 hours and receive a total benefit package of approximately $10.25 per hour, and Group 2 employees who worked 619.5 hours and receive an approximate $1.00 per hour total benefit package. (Pls.' Br. at 2, *see also* Pls.' Br., Ex. B, at ECF Nos. 29-50 (remittance reports).) Based on the reported hours, Invision owed the Local 19 Funds $17,266.39 in benefits contributions as of February 2. (Pls.' Br. Ex. B, Dkt. No. 8-2, at ECF No. 30.)

On June 12, the Local 19 Funds received a $13,333.99 partial payment from

---

[1] "Although a damage calculation need not meet a standard of mathematical certainty, the party moving for a default judgment bears the burden of showing damages and a court is not required to accept its claims as true." *Serv. Employees Int'l Union Local 32BJ Dist. 36 v. ShamrockClean Inc.*, No. 17-5380, 2018 WL 1124270, at *3 (E.D. Pa. Feb. 26, 2018).

Invision. (Pls.' Br., Ex. D, ECF Nos. 61-64.) Applying the amount to the principal due, Invision's principal owed was reduced to $3,932.40. (Pls.' Br. at 4.)

B

The CBA provides for "a late payment charge of 2% interest per month on the outstanding balance" for payments made more than forty-five days after their due date. (CBA, Article XI, § 4.) Contributions to the Local 19 Funds are delinquent when they are not paid by the 15th day of the month after the month when the hours worked gave rise to a contribution obligation. (Pls.' Br., Ex. C. ("Fund Delinquency Policy"), Dkt. No. 8-2 at § II(1)(a).) Invision's contributions for work performed on or before Friday January 31, 2020 became due on February 15. Because it did not pay on time, it became responsible for accrued interest on the original principal amount due on March 31 – 45 days after the February 15 due date. Ultimately, the Local 19 Funds assessed Invision for $345.33 in interest (or 2% of $17,266.39) on April 1, May 1 and June 1: $1,035.99 in total interest for the three months.

C

The Fund Delinquency Policy provides for liquidated damages as set forth in the CBA for contributions not received within ten days of the due date: "currently 5% per month (or any part thereof) for employers that contribute monthly and 1.25% per week and/or any part of a week, for employers that contribute weekly limited to a maximum total of 20% of the principal amount due." (Fund Delinquency Policy, ¶ 4.) Because Invision's principal amounts became due on February 15, the Local 19 Funds assessed it for liquidated damages of 1.25% per week starting on February 25. By May 26, the Local 19 Funds had assessed Invision for liquidated damages up to the maximum total

3

of 20% of the original principal amount due: $3,455.28. (Pls.' Br. at 3-4.)

The Local 19 Funds have now met their burden to show they are entitled to a default judgment against Invision for a $3,932.40 principal delinquency, $1,035.99 in interest and $3,455.28 in liquidated damages or a total of $11,776.67.

II

ERISA permits the Local 19 Funds to recover reasonable attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2)(D). Plaintiffs ask for $535 in costs, including: $400 for the Court's filing fee for their Complaint and $135 paid to Timecycle Couriers for service of process. (Renewed Mot. at 4.) The requested costs are reasonable.

Plaintiffs also seek attorneys' fees. It is their burden to prove – through evidence supporting the hours worked and rates claimed – that the fees they seek are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In support of their renewed motion, they attach invoices for attorney time spent between April 16 and June 26. (Pls.' Br., Ex. E, Dkt. No. 8-2 at ECF Nos. 65-74.) Although they previously only sought to recover $2,820 in attorneys' fees (Dkt. No. 4), they now seek $4,025.00 in fees for time invoiced through the date of their original motion.[2] (Pls.' Br. at 5).

Associate Nicolas Botta, who has practiced law for approximately eleven years, with involvement in ERISA litigation for the last eight years billed 14.9 hours at a rate of $250 hour, or $3,725. Martin Milz, a shareholder with sixteen years of experience in ERISA litigation oversaw Botta's work and billed 1.7 hours at a rate of $300 per hour or $510.[3] Although their

---

[2] Although Plaintiffs note the discrepancy in their renewed motion (Pls.' Br. at 5), they provide no explanation for it. It appears that their earlier request relied on the amount billed on invoice number 123539 alone (Ex. E at ECF Nos. 69-70.) Plaintiffs do not seek to recover for additional time spent preparing the renewed motion for a default judgment.

[3] Plaintiffs note that time spent by three other attorneys referenced on their invoices was

4

motion seeks a lesser amount, the total value of the hours billed by Botta and Milz is $4,235. Their work involved reviewing remittance reports, calculating amounts owed, research, consultation with the Local 19 Funds, drafting and reviewing the Complaint and the motions for a default and default judgment.  After reviewing Plaintiffs' renewed motion and their submitted invoices, the Court finds that the requested $4,025 attorneys' fee award is reasonable given the hours spent and the rates charged, which are consistent with prevailing market rates and counsels' experience.

### III

Post-judgment interest is available to the Local 19 Funds.  *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").  Such interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturing Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."  *Id.*

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

"written-off as a professional courtesy."  (Pls.' Br. at 5.)

5